UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>GCT COMMERCIAL SERVICES, LLC D/B/A NNN DEAL FINDER,<br><br>　　　　　Defendant. | Case No: 3:24-cv-00307-KAD |

**JOINT FORM 26(F) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed: March 6, 2024

Date Complaint Served: April 4, 2024

Date of Defendant's Appearance: April 25, 2024

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on May 22, 2024. The participants were:

- Jaymie Sabilia-Heffert, Esq., as counsel for Plaintiff, Christopher Sadowski; and
- Alan Harrison, Esq., as counsel for Defendant, GCT Commercial Services, LLC d/b/a NNN Deal Finder.

**I. Certification**

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.

Counsel further certify that they have forwarded a copy of this report to their clients.

**II. Jurisdiction**

　**A. Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

### III. Brief Description of Case

**Plaintiff's Claims:** This action involves a claim by Plaintiff Christopher Sadowski (hereinafter referred to as "Plaintiff"), to recover damages for copyright infringement against Defendant GCT Commercial Services, LLC d/b/a NNN Deal Finder (hereinafter referred to as "Defendant"). In this action, Plaintiff asserts claims for direct copyright infringement based upon the premise that Defendant willfully infringed upon Plaintiff's copyrighted work in violation of Title 17 of the U.S. Code in that Defendant, without permission or authorization from Plaintiff, volitionally selected, copied, stored, and/or displayed Plaintiff's copyrighted work of a storefront of a CVS Pharmacy building (the "Photograph") on Defendant's commercial website. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c). Plaintiff is also entitled to the recovery of full costs as well as reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**Defendant's Defenses and Claims:** GCT Commercial Systems asserts that it was not responsible for operation of its website and did not at any time "volitionally" select, copy, store, or display Plaintiff's Photograph at its website. GCT Commercial Systems presently intends to implead Ardor SEO, the operator of the website, as a third-party defendant. Additionally, GCT Commercial Systems presently disputes whether the Photograph properly was registered for copyright. GCT

Commercial Systems respectfully submits that no profit or revenue can be attributed to the alleged display of Plaintiff's Photograph, that no actual damages to Plaintiff can be proven, and that the relevant factors for an award of statutory damages weigh heavily toward the lower end of the $750-$30,000 scale.

**Defenses and Claims of Third-Party Defendant/s: N/A**

    IV.    **Statement of Undisputed Facts**

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

Defendant is a Connecticut corporation with a place of business at 9160 Forum Corporate Parkway, Suite 350, Fort Myers in Lee County, Florida and does business in this Judicial District. Defendant is a real estate leasing company which owns and operates a website at domain www.buynnnproperties.com (the "Website").

On December 17, 2019, Plaintiff first published the Photograph.

Defendant utilizes the Website to advertise associated properties for purchase and/or lease pursuant to Defendant's real estate services. Plaintiff did not authorize Defendant to display the Photograph on Defendant's Website.

    V.    **Case Management Plan**:

    **A. Initial Disclosures**

Initial disclosures will be served by June 14, 2024.

    **B. Scheduling Conference**

        1. The parties **request** to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, **be conducted by telephone**.

C. **Early Settlement Conference**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is likely and may be facilitated by use of the following procedure:

2. The parties **request** an early settlement conference.

3. The parties prefer a settlement conference, when such a conference is held, with **a magistrate judge**.

4. The parties **do not** request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. **Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff(s) should be allowed until **July 10, 2024,** to file motions to join additional parties and until **July 10, 2024**, to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2. Defendant(s) should be allowed until **July 10, 2024,** to file motions to join additional parties and until **July 10, 2024,** to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require,

> in addition to any other requirements under the applicable rules, a showing of good cause' for the delay.

### E. Discovery

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

**Plaintiff's Position**:

**Defendant's Position (if different):**

b. The parties anticipate that discovery will be needed on the following subjects: [list each of the principal issues of fact on which discovery will be needed; a statement that, e.g., "discovery will be needed on liability and damages" is insufficient].

**Plaintiff** intends to conduct discovery on the following topics, including through interparty written discovery, third-party written discovery, and depositions: (1) Internal policies and procedures regarding copyright compliance; (2) complaints and demand letters received regarding intellectual property infringement; (3) Analytics for Defendant's Website; (4) The status/titles of the individuals who posted Plaintiff's Photograph(s) and the nature of their relationship with Defendant; (5) The ownership and payment for the domain name for Defendant's Website, including the billing records from the domain name registrar; (6) Ownership, creation and operation of Defendant's Website, including contracts and billing records for website developers and users; (7) Persons responsible for creating and maintaining content on

Defendant's Website(s); (8) Revenue and/or sales associated with the property listing that was displayed with the Plaintiff's Photograph on the Website; (9) licensing for image(s) displayed on Defendant's Website; and (10) Any other issues attendant to the claims set forth in Plaintiff's Complaint and Defendant's Answer to the Complaint and Affirmative Defenses.

**Defendant** intends to conduct discovery on at least the following topics, including through interparty written discovery, third party discovery, and depositions: (1) Plaintiff's prior and current involvement in any other copyright litigation, including but not limited to the Photograph; (2) any economic loss or damage suffered by Plaintiff from the alleged infringement; (3) the extent of the market for the Photograph; (4) other uses of the Photograph; (5) any licenses granted for use of the Photograph; (6) Plaintiff's compliance with registration formalities for the Photograph; (7) any other issues that arise related to Plaintiff's claims.

    c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by **July 1, 2024**, and completed (not propounded) **by October 25, 2024**.

    d. Discovery **will not** be conducted in phases.

    e. If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by: **N/A**

    f. The parties anticipate that the plaintiff(s) will require at least **two (2)** depositions of fact witnesses and that the defendant(s) will require at **least two (2)** depositions of fact witnesses. The depositions will commence by **July 1, 2024**, and be completed by **October 25, 2024**.

    g. The parties **will not** request permission to serve more than 25 interrogatories.

h. Plaintiff **does not intend** to call expert witnesses at trial. Defendant **does not intend** to call expert witnesses at trial.

i. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof **by July 25, 2024**. Depositions of any such experts will be completed by **August 25, 2024**.

j. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **September 25, 2024**. Depositions of such experts will be completed by **October 25, 2024**.

k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **October 25, 2024**.

l. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

The parties have not reached a decision at this time regarding an ESI protocol but agree to continue to meet and confer regarding the production of ESI as the parties determine the size and scope of production. Due to the limited nature of ESI in this matter, documents will be exchanged in PDF or their native format if PDF is not appropriate for the type of document.

    m. Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information:

The parties have not reached a decision at this time regarding procedures for the preservation, disclosure, and management of information stored in paper or other non-electronic forms but agree to continue to meet and confer regarding the procedures for same as the parties determine the size and scope of production.

    n. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

The parties have not reached a decision at this time regarding procedures for asserting claims of privilege after production but agree to continue to meet and confer regarding the procedures for same as the parties determine the size and scope of production.

### F. Other Scheduling Issues

The parties propose the following schedule for addressing other issues pertinent to this case:

On or before July 10, 2024, Defendant GCT Commercial Systems LLC intends to implead third-party defendant Ardor SEO. A new 26(f) conference then will be needed.

### G. Summary Judgment Motions:

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before **November 10, 2024**.

### H. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 60 days of the Court's ruling on any dispositive motion, or, if no motion is filed, within 90 days of the close of discovery.

## VI. TRIAL READINESS

The case will be ready for trial within 60 days of the submission of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted this 23rd day of May, 2024.

| SANDERS LAW GROUP | WHITMYER IP GROUP LLC |
|---|---|
| By: __/s/ Craig Sanders__<br>Craig Sanders, Esq.<br>333 Earle Ovington Blvd, Suite 402<br>Uniondale, NY 11553<br>Tel: (516) 203-7600<br>Email: csanders@sanderslaw.group<br>File No.: 126238<br>*Attorneys for Plaintiff* | By: __/s/Alan Harrison__<br>Alan Harrison (ct29464)<br>600 Summer Street<br>Stamford CT 06903<br>Tel: 203-703-0815<br>Fax: 203-703-0801<br>Email: litigation@whipgroup.com<br>*Attorneys for Defendant* |