**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Christopher Sadowski,  Plaintiff,  v.  GCT Commercial Services, LLC,  Defendant. | Civil No. 3:24-CV-00307 (KAD)  May 30, 2024 |

**SETTLEMENT CONFERENCE ORDER**

This case is scheduled for a settlement conference on June 28, 2024, at 9:00 a.m. with the Honorable Thomas O. Farrish, United States Magistrate Judge. The conference will be conducted through the Zoom videoconferencing service. Judge Farrish's chambers will send Zoom connection information to appearing counsel through a Microsoft Outlook calendar invitation. The attorneys are responsible for conveying the information to their principals and ensuring that the principals are able to participate by both audio and video, *e.g.,* that they have working webcams, that they know how to use the Zoom application, *etc.*

In advance of the conference, the Court enters the following orders:

1. **Pre-conference exchange of settlement proposals**

The conference is not intended to discourage the parties from settling the case on their own. Accordingly, plaintiff's counsel is directed to serve a written settlement demand upon defendant's counsel by June 7, 2024. The demand shall be accompanied by a written damages analysis containing "a computation of each category of damages claimed." Fed. R. Civ. P. 26(a)(1)(A)(iii). Defendant's counsel are directed to serve a written settlement offer upon plaintiff's counsel by June 14, 2024.

Each written demand and offer shall set forth any material, non-monetary terms of the proposed settlement, such as confidentiality, non-disparagement, and/or the execution of a release extending beyond the claims asserted in the complaint (*i.e.,* a "global" release). If either party contends that the monetary portion of the proposed settlement would be subject to a lien, its written proposal shall include a statement of the nature and amount of the lien.

**2.	Settlement conference memoranda**

Counsel for each party must submit to Judge Farrish a confidential, *ex parte* settlement memorandum by 5:00 p.m. on June 21, 2024.  The memorandum shall not exceed twelve double-spaced pages and should be submitted via e-mail to: TOF_settlement@ctd.uscourts.gov.

Each party's memorandum shall include:

(a) the essential facts of the case; where material facts are disputed, the memorandum should explain the evidence that the party expects to offer at trial;

(b) the legal elements of the claims and defenses asserted;

(c) the nature and amount of the damages claimed, and a brief summary of the evidence that the party expects to offer at trial on damages issues;

(d) the status of discovery, to include a statement of the discovery that remains to be done and the time required to complete it;

(e) a list of any motions contemplated;

(f) a summary of settlement negotiations to date, including the offer and demand referenced in Section 1 above;

(g) the nature and amount of any lien that will apply (or is alleged to apply) to any settlement;

(h) any material, non-monetary terms that the party will be seeking in a settlement agreement;

(i) a list of all persons who will attend the conference on behalf of that party, including job titles if pertinent to the case; and

(j) identification of any unusual issues or problems that may be expected to arise.

If counsel feels that exhibits are necessary to the Court's understanding of the case, a reasonable number of exhibits may be submitted along with the memorandum.  Judge Farrish will have read the operative pleadings by the time of the conference, so those pleadings should not be attached as exhibits.  If the exhibits exceed twenty pages, counsel shall send a tabbed, hard copy set of exhibits to Chambers for arrival no fewer than five business days before the conference.  Exhibits should be submitted only when necessary and are not a substitute for a well-composed memorandum.

**3.	In-person attendance**

**The Court orders the parties to attend the settlement videoconference.**  If a party is a legal entity rather than an individual, a representative who is fully authorized to decide all matters pertaining to the case must be present.  The Court does not consider the appearing attorney to be a

party representative for this purpose. If a party is being indemnified by an insurer, an insurance company representative with full authority to settle the case must be present. The Court will not hold a settlement conference unless all required attendees are present. Failure to comply with these attendance requirements may result in the imposition of sanctions.

**4.     Other orders**

Continuances will be granted only for good cause clearly shown. **If a party seeks a continuance, it is respectfully directed NOT to file a motion on the docket but instead to call Judge Farrish's law clerk at 860-240-3605 as soon as possible with opposing counsel on the line to work out a new date.** The scheduling of a settlement conference does not affect existing deadlines and shall not delay discovery unless the Court has issued a separate order to that effect. If the case is resolved after the issuance of this Order, but before the settlement conference, the parties shall promptly report the settlement to Judge Farrish's Chambers.

**5.     Summary of deadlines set by this order**

Plaintiff's settlement proposal to be served on defendant by:  June 7, 2024

Defendant's settlement proposal to be served on plaintiff by:  June 14, 2024

*Ex parte* settlement memoranda due to Judge Farrish by:  5:00 p.m. June 21, 2024

Settlement conference at: 9:00 a.m., Friday, June 28, 2024

It is so ordered.

*/s/ Thomas O. Farrish*
Thomas O. Farrish
United States Magistrate Judge